UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

THIRD DEGREE FILMS, INC., a California corporation,

Plaintiff,

v.

JOHN DOES 1 THROUGH 4,

Defendants.

Civil No.    12CV1849-BEN (BGS)

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENAS PRIOR TO A RULE 26(f) CONFERENCE**

**[DOC. NO. 4]**

The Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference ("Motion") was filed on September 14, 2012.  (Doc. No. 4.)  The Motion was accompanied by a Memorandum of Points and Authorities, declarations and exhibits.  (*Id*.)  Because no Defendant has been named or served, no opposition or reply briefs have been filed.

Pursuant to Civil Local Rule 7.1(d)(1), the Court finds the Motion suitable for decision without oral argument.  For the reasons discussed below, the Motion is **GRANTED**.

## I.    PROCEDURAL HISTORY

Plaintiff, Third Degree Films, Inc., a California corporation ("Plaintiff") filed a Complaint against Does 1 through 4 ("Defendants") on September 14, 2012.  (Doc. No. 1.)  Plaintiff purports to be the registered owner of, or has applied to obtain the registration for 35 movies contained on a website. (Compl. at 3; Doc. No. 1.)  First, Plaintiff alleges copyright infringement, stating that Defendants reproduced and distributed Plaintiff's copyrighted material through the internet without authorization.

12cv1049

1    (*Id*. at 6.)  Second, Plaintiff pleads contributory copyright  infringement, alleging that by participating in

2    a BitTorrent swarm, each Defendant induced, caused or materially contributed to the infringing conduct

3    of each other Defendant.  (*Id*. at 7-9.)

4         On September 14, 2012, Plaintiff filed this Motion in order to learn the identities of the Doe

5    Defendants from their respective Internet Service Providers ("ISPs").  (Pl.'s Mem. P.&A. at 2; Doc. No.

6    4.) Specifically, Plaintiff seeks leave of court to serve Rule 45 subpoenas on the ISPs in order to discover

7    the true name, address, telephone number, e-mail address, and Media Access Control ("MAC") address

8    of each Defendant to whom the ISP issued an IP address.  (*Id*.)  In support of the Motion, Plaintiff

9    attached Tobias Fieser's ("Fieser") declaration.  (Decl. Fieser; Doc. No. 4-2.)  Fieser identified the

10   Internet Protocol ("IP") addresses that were used to reproduce, distribute, display or perform Plaintiff's

11   copyrighted works without authorization.  (*Id.* at 2.)  Attached to Fieser's declaration is an exhibit listing

12   the IP addresses, the date the IP addresses were used to infringe Plaintiff's copyrighted works,  and

13   location of the IP addresses when they were accessing the BitTorrent network. (Decl. Fieser, Ex. B; Doc.

14   4-4.)

15        **II.    FACTUAL ALLEGATIONS**

16        The Complaint alleges that the 4 Doe Defendants collectively infringed its copyrighted work

17   using BitTorrent file sharing protocols.  (Compl. at 3; Doc. No. 1.)  The Defendants are purportedly a

18   collection of "BitTorrent peers" whose computers connect for the purpose of downloading and

19   uploading a computer file in what is commonly called a "swarm."  (*Id*. at 5-6.)  Plaintiff alleges that each

20   of Defendants' IP addresses participated in a swarm that distributed Plaintiff's copyrighted file identified

21   by the unique hash number 6B70494F5C2FAC53634DB4E1670C6950988B735C ("Unique Hash

22   Number").  (*Id*.)

23        **III.   LEGAL STANDARDS**

24        Generally, discovery is not permitted without a court order before the parties have conferred

25   pursuant to Federal Rule of Civil Procedure 26(f).  Fed. R. Civ. P. 26(d)(1).  Yet, "in rare cases, courts

26   have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the

27   plaintiff to learn the identifying facts necessary to permit service on the defendant."  *Columbia Ins. Co.*

28   *v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642

1  (9th Cir. 1980)).  Courts grant these requests when the moving party shows good cause for the early

2  discovery.  *Semitool, Inc. v. Tokyo Elec. Am., Inc.,* 208 F.R.D. 273, 275-76 (N.D. Cal. 2002).

3       The Ninth Circuit has held that when the defendants' identities are unknown at the time the

4  complaint is filed, courts may grant plaintiffs leave to take early discovery to determine the defendants'

5  identities "unless it is clear that discovery would not uncover the identities, or that the complaint would

6  be dismissed on other grounds."  *Gillespie,* 629 F.2d at 642.  A district court's decision to grant

7  discovery to determine jurisdictional facts is a matter of discretion.  *Columbia Ins. Co.*, 185 F.R.D. at

8  578.

9       District courts apply a three-factor test when considering motions for early discovery to identify

10 certain defendants.  *Id*. at 578-80.  First, the plaintiff should "identify the missing party with sufficient

11 specificity such that the Court can determine that defendant is a real person or entity who could be sued

12 in federal court."  *Id.* at 578.  Second, the movant must describe "all previous steps taken to locate the

13 elusive defendant" to ensure that the plaintiff has made a good faith effort to identify and serve process

14 on the defendant.  *Id.* at 579.  Third, plaintiff should establish that its suit against the defendant could

15 withstand a motion to dismiss.  *Id.*  "[T]o prevent abuse of this extraordinary application of the discovery

16 process and to ensure that the plaintiff has standing," plaintiff must show that some act giving rise to

17 liability actually occurred and that the discovery is aimed at identifying the person who actually

18 committed the act.  *Id*.  at 579-80.

19      **IV.   DISCUSSION**

20      Plaintiff seeks an order permitting it to subpoena the Doe Defendants' ISPs in order to learn

21 Defendants' true identities and serve them with the Complaint.  Specifically, Plaintiff seeks to subpoena

22 two ISPs—Cox Communications and Road Runner—to identify the subscribers of the assigned IP

23 addresses listed in Exhibit B to Fieser's declaration.  (Decl. Fieser, Ex. B; Doc. No. 4-4.)  All 4 of the IP

24 addresses that Plaintiff lists in Exhibit B are allegedly located within San Diego County.  (*Id.*)

25 **A.  <u>Identification of Missing Parties with Sufficient Specificity</u>**

26      First, Plaintiff must identify the Doe Defendants with enough specificity to enable the Court to

27 determine that the defendant is a real person or entity who would be subject to the jurisdiction of this

28 Court.  *Columbia Ins. Co.*, 185 F.R.D. at 578.  In its Motion, Plaintiff asserts it properly pleads a cause

12cv1049

1  of action for copyright infringement against each Doe Defendant, that there is no other way to obtain

2  Defendants' true identities because only the ISP can correlate the IP address used by one of its

3  subscribers to a real person, and without learning Defendants' true identities, Plaintiff will not be able to

4  serve them with process and proceed with this case. (Pl.'s Mem. P.&A. at 3-6; Doc. No. 4.)

5    Some district courts in the Ninth Circuit have determined that a plaintiff identifies Doe

6  defendants with sufficient specificity by providing the unique IP addresses assigned to an individual

7  defendant on the day of the allegedly infringing conduct, and by using "geolocation technology" to trace

8  the IP address to a physical point of origin. *See Openmind Solutions, Inc. v. Does 1-39*, No. C-11-33-11

9  MEJ, 2011 U.S. Dist. LEXIS 116552, at *5-6 (N.D. Cal. Oct. 7, 2011); *Pink Lotus Entm't v. Does 1-46*,

10  No. C-11-02263 HRL, 2011 U.S. Dist. LEXIS 65614, at *6-7 (N.D. Cal. June 21, 2011).  Others have

11  found that merely identifying the IP addresses assigned to the defendants on the day of the purported

12  infringement is sufficient to satisfy the first factor. *See MCGIP, LLC v. Does 1-149,* No. C-11-02331

13  LB, 2011 U.S. Dist. LEXIS 85363, at *4-5 (N.D. Cal. Aug. 15, 2011) (opinion by Judge Beeler); *First*

14  *Time Videos LLC v. Does 1-37*, No. C-11-01675 LB, 2011 U.S. Dist. LEXIS 42376, at *5  (N.D. Cal.

15  April 14, 2011) (opinion by Judge Beeler).

16    This Court, like other courts in this district, finds the former standard persuasive. *See 808*

17  *Holdings, LLC v. Collective of Dec. 29, 2011 Sharing Hash,* No. 12-CV-0186 MMA, ECF No. 7, at *8

18  (S.D. Cal. May 4, 2012) (opinion by Judge Brooks).  In this case, Plaintiff filed a chart listing the unique

19  IP address corresponding to each Defendant that copied a piece of Plaintiff's copyrighted works

20  identified by the Unique Hash Number, as well as the city and state where each IP address is located.

21  (Decl. Fieser, Ex. B; Doc. No. 4-4.)   Consequently, Plaintiff has identified the Doe Defendants with

22  sufficient specificity and satisfies the first factor of the test for permitting early discovery.

23  **B.  Previous Attempts to Locate Defendants**

24    Next, Plaintiff must identify all previous steps taken to identify the Doe Defendants in a good

25  faith effort to locate and serve them. *See Columbia Ins. Co.*, 185 F.R.D. at 579.  Plaintiff states that

26  "there is no other way to obtain Defendants' identities, except by serving a subpoena on Defendants'

27  ISPs."  (Pl.'s Mem. P.&A. at 4; Doc. No. 4.)  Plaintiff hired a forensic investigation service, IPP,

28  Limited, to identify the IP addresses that were used by Defendants to reproduce, distribute, display or

perform Plaintiff's copyrighted works.  (Decl. Fieser at 1-2, Doc. No. 4-2.)  According to Fieser, "only the ISP to whom a particular IP address has been assigned for use by its subscriber can correlate the IP address to a real person, the subscriber of the internet service." (*Id.*)  Accordingly, Plaintiff appears to have investigated and obtained the data pertaining to the alleged infringements in a good faith effort to locate each Doe Defendant.  *See Digital Sin, Inc. v. Does 1-5698*, No. C-11-04397 LB, 2011 U.S. Dist. LEXIS 128033, at *5 (N.D. Cal. Nov. 4, 2011); *Openmind Solutions,* 2011 U.S. Dist. LEXIS 116552, at *5; *Pink Lotus Entm't*, 2011 U.S. Dist. LEXIS 65614, at *7; *MCGIP*, 2011 U.S. Dist. LEXIS 85363, at *5.

**C.  Ability to Withstand a Motion to Dismiss**

Lastly, to be entitled to early discovery, Plaintiff must demonstrate that its complaint can withstand a motion to dismiss.  *See Columbia Ins. Co.*, 185 F.R.D. at 579.

**1.  Stating a Claim Upon Which Relief Can Be Granted**

The pending Motion maintains that Plaintiff has exceeded its obligation to plead a prima facie case of copyright infringement.   (Pl.'s Mem. P.&A. at 4; Doc. No. 4-1.)  The Complaint alleges that Plaintiff is the owner of the copyrights for the works at issue, that by using the BitTorrent protocol and process described, each Defendant copied a piece of Plaintiff's copyrighted works identified by the Unique Hash Number.  (Compl. at 3-6, Doc. No. 1.)

**2.  Personal Jurisdiction**

The Plaintiff bears the burden of establishing jurisdictional facts.  *See Columbia Ins. Co.*, 185 F.R.D. at 578.   In its Motion, Plaintiff does not discuss whether this Court has personal jurisdiction over the Doe Defendants.  In its Complaint, however, Plaintiff alleges that each of the Defendants' acts of copyright infringement occurred using an IP address traced to a physical address located within California.  (Compl. at 1; Doc. No. 1.)  Accordingly, Plaintiff has alleged sufficient facts to show that it likely can withstand a motion to dismiss for lack of personal jurisdiction because all of the Doe Defendants have an IP address that was traced to a location in California.  *See 808 Holdings,* No. 12-CV-0186 MMA; *but see also Celestial Inc. v. Swarm Sharing Hash,* No. CV 12-00204 DDP (Ssx), 2012 U.S. Dist. LEXIS 41078, at *5-6 (C.D. Cal. Mar. 23, 2012) (denying request for early discovery because the complaint could not withstand a motion to dismiss for lack of personal jurisdiction even though all of

1    the IP addresses were located in California).

2            3.    Venue

3            Plaintiff alleges that venue in this district is proper as to all Defendants under 28 U.S.C.

4    §§ 1391(b) and(c), 1400(a). (Compl. at 1; Doc. No. 1.) "The venue of suits for infringement of copyright

5    is not determined by the general provision governing suits in the federal district courts, rather by the

6    venue provision of the Copyright Act." *Goldberg v. Cameron*, 482 F. Supp. 2d 1136, 1143 (N.D. Cal.

7    2007). Civil actions for copyright infringement "may be instituted in the district in which the defendant

8    or his agent resides or may be found." 28 U.S.C.A. § 1400(a) (West 2006). An individual "resides" for

9    venue purposes in the district of his domicile. 17 James Wm. Moore, et al., *Moore's Federal Practice*,

10   § 110.39[2], at 110-76 (3d ed. 2011).  A defendant is "found" for venue purposes where he is subject to

11   personal jurisdiction. *Id.* (footnote omitted); *see Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d

12   1124, 1126 (9th Cir. 2010) ("This circuit interprets [28 U.S.C. § 1400(a)] to allow venue in any judicial

13   district where, if treated as a separate state, the defendant would be subject to personal jurisdiction.").

14           Plaintiff fails to address venue in its Motion. In the Complaint, however, Plaintiff asserts venue

15   is proper because although the true identities of the Defendants are unknown, "on information and belief,

16   each Defendant may be found in this District and a substantial part of the infringing acts complained of

17   occurred in this District." (Compl. at 1-2, Doc. No. 1.) Because all 4 Defendants have IP addresses in the

18   Southern District of California, it appears that venue in this judicial district is proper.  *See 808 Holdings*,

19   No. 12-CV-0186 MMA.

20                                       **V.CONCLUSION**

21           Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference

22   [Doc. No.4] is **GRANTED**. The Plaintiff has made a sufficient showing to satisfy the three-factor test

23   for the 4 Defendants.  For these 4 Defendants, Plaintiff's Motion is **GRANTED.**  Plaintiff may serve

24   subpoenas on the ISPs for the 4 Defendants with addresses in this judicial district, seeking identifying

25   information relating to the following "Host IP addresses": (1) 174.65.130.19. (San Diego, California),

26   (2) 72.197.183.93 (Poway, California), (3) 72.220.91.9 (El Cajon, California), (4) 98.155.62.229 (San

27   Diego, California).  (Pl.'s Mem. P.&A., Ex. B; Doc. No. 4-4.)  Each subpoena must provide a minimum

28   of forty-five days' (45) notice before any production and shall be limited to one category of documents

identifying the particular subscriber or subscribers on the "Hit Date (UTC)" listed on Exhibit B to Plaintiff's Motion. (*Id.*) The requested information should be limited to the name and addresses of each subscriber. Any subpoenaed third party may seek a protective order if it determines there is a legitimate basis for doing so. The ISPs shall have fourteen calendar days after service of the subpoenas to notify the subscribers that their identity has been subpoenaed by Plaintiff. Each subscriber whose identity has been subpoenaed shall then have thirty calendar days from the date of the notice to seek a protective order or file any other responsive pleading. If appropriate, Plaintiff may then serve each individual identified by the ISPs, and made a party to this action, with no more than three interrogatories to determine whether the Internet subscriber is the proper defendant. *See University of Tex. v. Vratil*, 96 F.3d 1337, 1340-41 (10th Cir. 1996) (holding that interrogatories under Rule 33 of the Federal Rules cannot be served on nonparties); *Rubino v. ACME Bldg. Maint.*, No. C08-00696 JW (HRL), 2010 U.S. Dist. LEXIS 10110, at *3-4 (N.D. Cal. Feb. 5, 2010) (same). No depositions are authorized at this time.

       **IT IS SO ORDERED.**

DATED: August 24, 2012

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court

12cv1049