

FILED

JUL 1 6 2013

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| THIRD DEGREE FILMS, INC., | CASE NO. 12-CV-1849 BEN (BGS) |
|---|---|
| Plaintiff, | **ORDER GRANTING DOE X'S MOTION TO DISMISS FOR MISJOINDER AND/OR FOR A PROTECTIVE ORDER** |
| vs. | |
| JOHN DOES 1 through 4, | [Docket No. 7] |
| Defendants. | |

Presently before the Court is Defendant Doe X's Motion to Dismiss for Misjoinder and/or for a Protective Order. (Docket No. 7.) For the reasons stated below, the Motion is **GRANTED**.

## BACKGROUND

On July 27, 2012, Plaintiff Third Degree Films, Inc., filed this action against four John Doe Defendants, alleging contributory copyright infringement. (Docket No. 1.) Plaintiff alleges that the John Doe Defendants illegally reproduced and distributed Plaintiff's copyrighted material through BitTorrent. BitTorrent is a peer-to-peer file sharing protocol that operates by allowing users to simultaneously upload and download pieces of a given file. Once the pieces of the file are downloaded, the software program reassembles the pieces and allows the user to utilize the file.

Plaintiff retained IPP, Limited to identify the IP addresses that used BitTorrent to reproduce and distribute the copyrighted material. An IP address is a number that

an Internet Service Provider assigns to devices that are connected to the Internet. Plaintiff claims that the Internet Service Provider to which an internet user subscribes can correlate the user's IP address to the user's true identity. Plaintiff brought this action against the unidentified Doe users of the IP addresses identified by IPP, Limited.

Presently before the Court is Doe X's Motion to Dismiss for Misjoinder and/or for a Protective Order. Doe X does not identify which IP address or doe number he or she is associated with.

## DISCUSSION

### I. MOTION TO DISMISS FOR MISJOINDER

Permissive joinder of defendants is proper if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). The "same transaction" requirement of Rule 20 refers to "similarity in the factual background of a claim"; claims that "arise out of a systematic pattern of events." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Moreover, "the mere fact that all Plaintiff['s] claims arise under the same general law does not necessarily establish a common question of law or fact." *Id.* at 1351.

"Even once [the Rule 20(a)] requirements are met, a district court must examine whether permissive joinder would comport with the principles of fundamental fairness or would result in prejudice to either side." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (internal quotation marks omitted). A district court may sever parties or claims in order to avoid prejudice. FED. R. CIV. P. 20(b). In the case of misjoinder, the proper remedy is to sever misjoined parties and dismiss claims against them, as long as "no substantial right will be prejudiced by the severance." *Coughlin*, 130 F.3d at 1350.

Plaintiff argues that the Doe Defendants' use of the same peer-to-peer network, BitTorrent, to download the same files constitutes the same "transaction or

occurrence." District courts across the country are divided on whether this "swarm joinder" theory is sufficient for joinder. The majority of district courts within the Ninth Circuit, however, have held that allegations of "swarm joinder," without more, are insufficient for joinder. *See, e.g., Patrick Collins, Inc. v. John Does 1 through 34*, No. 12-CV-1474, 2013 WL 593445, at *2-4 (S.D. Cal. Feb. 13, 2013); *Hard Drive Prods. v. Does 1-188*, 809 F. Supp. 2d 1150, 1163-64 (N.D. Cal. 2011); *Pac. Century Int'l Ltd. v. Does 1-101*, No. C-11-02533, 2011 WL 2690142, at *4 (N.D. Cal. July 8, 2011). *But see Liberty Media Holdings, LLC v. Does 1-62*, No. 11-CV-575, 2012 WL 628309, at *7 (S.D. Cal. Feb. 24, 2012).

Here, the Court will follow the majority approach amongst district courts in the Ninth Circuit. The Complaint does not allege facts demonstrating that the Doe Defendants shared the same file with one another. Rather, the only factual connection between the Doe Defendants' conduct is that they all reproduced the copyrighted material using BitTorrent. Where "the only factual allegation connecting the defendants [is] the allegation that they all used the same peer-to-peer network to reproduce and distribute the plaintiff's copyrighted work," that allegation is "insufficient for joinder of multiple defendants under Rule 20." *Boy Racer, Inc. v. Does 1-60*, No. C 11-1738, 2011 WL 3652521, at *2 (N.D. Cal. Aug. 19, 2011) (internal quotation marks omitted); *see also In re EMC Corp.*, 677 F.3d 1351, 1359 (Fed. Cir. 2012) ("To be part of the 'same transaction' requires shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts."). Accordingly, the Doe Defendants' alleged conduct does not satisfy the "same transaction" requirement of Rule 20. The Motion to Dismiss for Misjoinder is **GRANTED**.

## II. MOTION FOR PROTECTIVE ORDER

In addition, Doe X moves for a protective order. Because the IP address and doe number of Doe X has not been revealed, Doe X may be one of the Defendants whom this Order severs from this action, which would make the motion for a protective order

moot. Accordingly, the Court declines to address the motion for protective order at this time.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the Motion to Dismiss for Misjoinder. All Defendants are **SEVERED**, except for the Doe Defendant at IP address 174.65.130.19 (listed as Doe No. 1 in Exhibit A to the Complaint). The Court **DISMISSES** the claims against the severed Doe Defendants without prejudice to Plaintiff refiling through separate complaints.

This Court declines to address the Motion for Protective Order.

**IT IS SO ORDERED.**

DATED: 7/15/13

HON. ROGER T. BENITEZ
United States District Judge